UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:22-cv-105

| | |
|---|---|
| MICANDRIA DARROUX, on behalf of herself and others similarly situated<br><br>    Plaintiff,<br><br>v.<br><br>NOVANT HEALTH, INC. d/b/a NOVANT HEALTH PRESBYTERIAN MEDICAL CENTER, and DOES 1 through 25, inclusive,<br><br>    Defendants. | **NOTICE OF REMOVAL** |

    Defendant The Presbyterian Hospital d/b/a Novant Health Presbyterian Medical Center[1] ("NHPMC"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby files this Notice of Removal of the above-captioned action currently pending in Mecklenburg County, North Carolina Superior Court to the United States District Court for the Western District of North Carolina, Charlotte Division. Removal is proper for the reasons set forth below.

## BACKGROUND

    1.    On December 16, 2021, Plaintiff Micandria Darroux ("Plaintiff") filed a putative class action complaint (the "Complaint") against NHPMC in Mecklenburg County, North Carolina

---

[1] Plaintiff improperly names Novant Health, Inc. as a defendant in this matter. Novant Health, Inc. does not do business as NHPMC. Rather, NHPMC is an assumed name for The Presbyterian Hospital. The Presbyterian Hospital is a subsidiary of Novant Health Southern Piedmont Region, LLC, which in turn, is a subsidiary of Novant Health, Inc.

Superior Court, in a case styled as *Micandria Darroux v. Novant Health, Inc., d/b/a Novant Health Presbyterian Medical Center*, No. 21-CVS-20262 ("State Court Action"). A true and correct copy of the Complaint and Summons is attached hereto as **Composite Exhibit A**.

2. The Complaint alleges that NHPMC improperly charged a visitation fee to emergency room patients who received care at NHPMC's emergency room facility located at or near 200 Hawthorne Lane, Charlotte, North Carolina within the last three years. *See* Compl. ¶¶ 1-2, 19. The Complaint asserts two counts against NHPMC: Breach of Contract (Count I) and Declaratory Judgment/Injunctive Relief (Count II). *Id.* at ¶¶ 28-38.

## TIMELINESS OF REMOVAL

3. Plaintiff filed this action on December 16, 2021.

4. Plaintiff served NHPMC with a copy of the Complaint on February 9, 2022. A true and correct copy of the USPS tracking receipt is attached hereto as **Exhibit B**.

5. This Notice of Removal is timely because it is filed within thirty (30) days of NHPMC's receipt of the Complaint, as required under 28 U.S.C. § 1446(b).

## SUBJECT MATTER JURISDICTION UNDER CAFA

6. NHPMC removes the State Court Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, which provides this Court with original jurisdiction over this action and permits NHPMC to remove the State Court Action from the Mecklenburg County Superior Court.

7. Congress enacted CAFA to "curb abuse in class actions and keep cases of national importance in federal court." *Anthony v. Serv. Corp. Int'l*, No. 3:10CV642-RJC-DSC, 2011 WL 1343195, at *2 (W.D.N.C. Mar. 18, 2011), *report and recommendation adopted*, No. 3:10-CV-

642-RJC-DSC, 2011 WL 1343159 (W.D.N.C. Apr. 8, 2011). Courts "are obligated to construe and apply CAFA's grant of federal court jurisdiction broadly, and to apply the three removal exceptions in a narrow fashion." *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 336 (4th Cir. 2019); *see* S. Rep. No. 109-14, at 43 ("[S]ection 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

8. Under CAFA, when the number of members of a putative class as defined in the complaint exceeds 100 individuals, federal courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B). "When the foregoing three criteria . . . are satisfied, a defendant sued in a class action in a state court is presumptively entitled to remove the proceedings to federal court." *Dominion Energy, Inc.*, 928 F.3d at 330; *see* 28 U.S.C. § 1453(b).

9. A defendant's notice of removal need only contain a "short and plain statement of the grounds for removal." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 197 (4th Cir. 2017); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed 2d 495 (2014). Under CAFA, once a removing party establishes, by a preponderance of the evidence, that jurisdiction is appropriate, the burden then shifts to the plaintiff "to show that the court should remand the action to state court under a CAFA exception." *Hamilton v. Arcan Cap., LLC*, No. 1:18CV356, 2019 WL 1322535, at *2 (M.D.N.C. Mar. 22, 2019) (explaining further that

3

Case 3:22-cv-00105-FDW-DCK    Document 1    Filed 03/11/22    Page 3 of 13

"there is no presumption in favor of remand when cases are removed under CAFA."); *Priselac v. Chemours Co.*, No. 7:20-CV-190-D, 2021 WL 4303768, at *4 (E.D.N.C. Sept. 20, 2021).

10. This action satisfies all requirements for removal under CAFA, as established by (1) the Complaint, and (2) the Declaration of Wendi Bennett, the Director of Patient Finance for Novant Health, Inc. ("Bennett Decl."), a true and correct copy of which is attached hereto as **Exhibit C**.

**A.   This Action Satisfies CAFA's Definition of a "Class Action" and Meets the Class Size Requirement Under CAFA.**

11. The State Court Action is a "class action" as defined by CAFA, which provides:

> [T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State Statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . .

28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1332(d)(8) ("This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action.").

12. Plaintiff's Complaint falls within the definition of a "class action" under CAFA.[2] Indeed, Plaintiff filed the State Court Action as a putative class action. *See, e.g.*, Compl. p. 1 (titled "Class Action Complaint"); *Id.* at ¶¶ 19-27 ("Class Action Allegations").

13. Specifically, Plaintiff asserts that she seeks to represent a Class defined as:

> All individuals who, within the last three years, received treatment and services at Novant Health Presbyterian Medical Center's Emergency Room; (2) were assessed a Visitation Fee for their emergency room visit designated with a CPT Code of

---

[2] Although it meets the definition for jurisdictional purposes, NHPMC denies that this action ultimately will prove appropriate for class treatment.

4

Case 3:22-cv-00105-FDW-DCK    Document 1    Filed 03/11/22    Page 4 of 13

99281, 99282, 99283, 99284, 99285 or 99291; and (3) made payments and/or have a remaining account balance for their visit.

*Id.* at ¶ 19.

14. Plaintiff alleges further that the Class "consists of at least thousands of persons." *Id.* at ¶ 22.

15. NHPMC's business records and billing data, further indicate that Plaintiff's proposed class consists of "at least 5,000 persons." *See* Bennett Decl. ¶ 11.

16. Thus, there are more than 100 class members, as required by 28 U.S.C. § 1332(d)(5)(B).

**B.     This Action Meets the Minimal Diversity Requirement Under CAFA.**

17. CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165, 134 S. Ct. 736, 740, 187 L. Ed. 2d 654 (2014) (stating that under CAFA, a federal court has jurisdiction over a class action if "any member of a class of plaintiffs is a citizen of a state different from any defendant"); *Priselac,* 2021 WL 4303768, at *2 (stating "minimal diversity" exists if "<u>any</u> member of a class of plaintiffs is a citizen of a State different from any defendant." (emphasis in original)); *see, e.g., Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 630-31 (4th Cir. 2007) (finding minimal diversity under CAFA met where the putative class of "former Avondale employees who were laid off or discharged" included class members that were citizens of a different state from defendants).

18. Plaintiff alleges she is a resident of North Carolina. Compl. ¶ 9. NHPMC is a corporation and, as such, is deemed to be a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

19. NHPMC is a North Carolina non-profit corporation with its principal place of business in North Carolina, (*see* Compl. ¶¶ 8, 10; Bennett Decl. ¶ 5), and CAFA therefore applies as long as at least one member of the putative class of plaintiffs is *not* a citizen of North Carolina.[3] *See* 28 U.S.C. § 1332(d)(2)(A).

20. Minimal diversity under CAFA is satisfied because Plaintiff's class definition is not geographically limited to *only* North Carolina citizens who received care at NHPMC's Emergency Room in the last three years. *See* Compl. ¶ 19. Rather, the Class is defined as "*all individuals*" who received such care. *Id.* As a result, minimal diversity merely requires that one class member is domiciled in a state other than North Carolina, either on the date the Complaint was filed or the date this Notice of Removal is filed. *See* 28 U.S.C. § 1332(d)(7) (providing that citizenship is to be determined as of the date of the complaint or other paper that first indicates the existence of federal jurisdiction); *cf. Johnson v. Advance Am.*, 549 F.3d 932, 937 (4th Cir. 2008) (finding that plaintiffs, by asserting claims on behalf of a class of "citizens of South Carolina" who were customers of Defendants' store during a certain time period, avoided removal under CAFA because if one of those customers "established domicile outside of South Carolina before the complaint was filed . . . such customers would not be members of the proposed class.").

21. Many individuals of the putative class who were charged the Visitation Fee at NHPMC's facility are citizens of states other than North Carolina. *See* Bennett Decl. ¶ 12. For example, at least three patients that received treatment and services at NHPMC's Emergency

---

[3] The Complaint also names several fictitious defendants as "Does 1 through 25." Compl. p. 1, ¶ 11. According to Plaintiff, the Defendant Does' "true names and capacities . . . are unknown to Plaintiff." *Id.* at ¶ 11. Therefore, the citizenship of these alleged Doe Defendants cannot be ascertained or considered for purposes of the Notice of Removal.

Room between December 16, 2018 and December 16, 2021 provided mailing addresses from South Carolina, Virginia, and Tennessee. *Id*.

22. Because at least one member of the purported class is a citizen of a state different from any defendant, this action satisfies CAFA's minimal diversity requirement.

**C.    This Action Meets the Amount-In-Controversy Requirement Under CAFA.**

23. CAFA also requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  For purposes of CAFA's amount-in-controversy requirements, the claims of individual class members are aggregated. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); *see Hooks v. Am. Med. Sec. Life Ins. Co.*, No. 3:06-CV-00071, 2006 WL 2504903, at *3 (W.D.N.C. Aug. 29, 2006) (citing 28 U.S.C. § 1332(d)(6)).

24. Because "no antiremoval presumption attends cases invoking CAFA . . . a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Scott*, 865 F.3d at 194 (quoting *Dart Cherokee Basin Op. Co. v. Owens*, --- U.S. ---, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014)); *see also Lanier*, 256 F. App'x at 631 (stating that under CAFA "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that judgment will be less forecloses federal jurisdiction.") (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448–49 (7th Cir. 2005)).

25. In analyzing the amount-in-controversy under CAFA, the Court considers the full amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover.

*Priselac*, 2021 WL 4303768, at *3; *see Anthony*, 2011 WL 1343195, at *3 ("The well-settled test in the Fourth Circuit for calculating the amount in controversy is 'the pecuniary result to either party which [a] judgment would produce.'") (quoting *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)). When the complaint does not specify the amount in controversy, as is the case here, "the removing party must prove the jurisdictional amount by a preponderance of the evidence." *Anthony*, 2011 WL 1343195, at *3. "When the amount of damages a plaintiff seeks is unclear, "the court may look at the entire record, including the complaint, the removal petition and affidavits and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Id.* The court may also consider damages amounts in similar cases. *Priselac*, 2021 WL 4303768, at *3.

26. For purposes of CAFA's amount-in-controversy requirements, where a plaintiff includes claims for injunctive or declaratory relief, the Court considers the monetary value that would flow to the entire class if injunctive or declaratory relief were granted. *See Hooks,* 2006 WL 2504903, at *2 ("Injunctive relief may also be considered in determining the amount in controversy . . ."); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (holding that "for purposes of CAFA, [courts] aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if [injunctive or] declaratory relief were granted."); *Keeling v. Esurance Ins. Co.,* 660 F.3d 273, 274 (7th Cir. 2011) (stating that "[t]he cost of prospective relief" such as "the injunctive relief that the class demands . . . cannot be ignored in the calculation of the amount in controversy" under CAFA); S. Rep. No. 109-14, at 43 (stating that "in assessing the jurisdictional amount in declaratory relief cases, the federal court should include in its assessment the value of all relief and benefits that would logically flow from

the granting of the declaratory relief sought by the claimants" and explaining that a claim that "a defendant's conduct is . . . fraudulent . . . will carry certain consequences, such as the need to cease and desist from that conduct, that will often 'cost' the defendant in excess of $5,000,0000."). Thus, in calculating the amount-in-controversy for purposes of removal under CAFA, the appropriate measure is the total amount of Visitation Fees billed to the purported class of patients, as that is the amount at issue in the litigation.

27. Solely for purposes of removal under CAFA and based on Plaintiff's allegations alone, the amount-in-controversy easily exceeds $5,000,000. The individuals described as proposed class members were billed over $5,000,000 for the Visitation Fee at issue. Bennett Decl. ¶ 13. Plaintiff seeks declaratory and injunctive relief to prohibit NHPMC from charging its Visitation Fee in the future and from pursuing collection activity against class members for unpaid fees. *See* Compl. ¶¶ 33-34, 37. Plaintiff also seeks restitution of the Visitation Fees paid by any members of the Class. *See* Compl. ¶ 35. Plaintiff further alleges that "the Class" consists of "at least thousands of persons." *Id.* at ¶ 22.

28. After conducting a review of its business records and billing data, NHPMC estimates that the class consists of at least 5,000. Bennett Decl. ¶ 11. Plaintiff alleges that she was charged a Visitation Fee of $2,000 which, according to Plaintiff, is "typical of the claims of the Class." *See* Compl. ¶ 17, 24-25. If each class member was charged the same Visitation Fee that Plaintiff alleges she was charged, the amount-in-controversy exceeds $5,000,000 if just 2,501 persons are members of the class. *See Anthony*, 2011 WL 1343195, at *4 (finding that the amount in controversy was satisfied by assuming the named plaintiff's alleged damages were "'representative' of the class"). The amount-in-controversy for a class of 5,000 individuals is

$10,000,000, much greater than CAFA's amount-in-controversy requirement. *See* 28 U.S.C. § 1332(d)(2).

29. Moreover, according to Plaintiff, the Visitation Fee is billed to "virtually all emergency care patients" in a "systematic[]" and "uniform" fashion. *See* Compl. ¶¶ 1-2, 5, 23. Assuming *arguendo* that Plaintiff's allegations are true, the amount-in-controversy easily exceeds $5,000,000 because NHPMC has provided emergency care to over 5,000 patients within the last three years.[4] *See* Bennett Decl. ¶ 11. If a $2,000 Visitation Fee was billed to 5,000 patients, that would amount to $10,000,000 in Visitation Fees billed, far exceeding $5,000,000. *See, e.g.*, *Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 673 n.2 (4th Cir. 2018) (finding that assisted-living facility defendants satisfied CAFA's amount in controversy requirement by stating in the notice of removal that "over the time period addressed in the complaint" the "facilities received more than $14 million in payments from residents" which the residents alleged were improper); *Lanier*, 256 F. App'x at 632 n.1 (finding that defendants had met its amount-in-controversy burden under CAFA where plaintiff's purported class size of 350 people "could expand to over 2,0000 people" and "[i]f that were the case, each plaintiff would need to recover a little over $2,000 to exceed the $5 million requirement.").

---

[4] Plaintiff's counsel filed a nearly identical class action complaint against other hospitals in the United States District Court for the Southern District of Florida. *See* Class Complaint and Demand for Jury Trial, ECF No. 1, *O'Leary, et al. v. HCA Healthcare, Inc., et al.*, Case No. 9:19-cv-80647-WJZ (S.D. Fla. May 15, 2019). In that action, the plaintiff alleges that the federal court "has [original] jurisdiction under 28 U.S.C. § 1332(d) and § 1453, the Class Action Fairness Act . . . as the parties to this matter are citizens of several states, the amount in controversy exceeds the value of $5,000,000, exclusive of interest and costs, and the class size exceeds one hundred members." *Id.* at ¶ 8. CAFA jurisdiction exists here for the same reason that it exists in the *O'Leary* case.

## CONSENT OF ALL DEFENDANTS

30. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Plaintiff alleges that "Defendant Does 1 through 25, inclusive, are unknown to Plaintiff." Compl. ¶ 11. NHPMC therefore does not have information as to whether Plaintiff has properly served any "Doe" defendant.

31. In any event, removal is proper because CAFA provides that "[a] class action" may be removed to federal court by "any defendant without the consent of all defendants." *See* 28 U.S.C. § 1453(b); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745, 204 L. Ed. 2d 34, (2014).

## OTHER PROCEDURAL REQUIREMENTS

32. NHPMC files this Notice of Removal in the United States District Court for the Western District of North Carolina, Charlotte Division, which is the district and division within which the State Court Action was pending. *See* 28 U.S.C. §§ 1441(a), 113(a).

33. Immediately following the filing of this Notice of Removal, written notice of the filing will be served on Plaintiff's counsel, the only adverse party in this case, as required by 28 U.S.C. § 1446(d).

34. NHPMC will promptly file a copy of this Notice of Removal with the Clerk of the Mecklenburg County Superior Court, North Carolina, where the State Court Action was pending, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Removal is attached herein as **Exhibit D**.

35. By removing this action to this Court, NHPMC does not waive any defenses, objections, or motions under state or federal law.

## CONCLUSION

For all of these reasons, Defendant NHPMC hereby removes the State Court Action to the United States District Court for the Western District of North Carolina, Charlotte Division, in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453. NHPMC respectfully requests that this Court assume jurisdiction over this action and that all further proceedings in the State Court Action be stayed.

This the 11th day of March 2022.

Respectfully submitted,

/s/ T. Richmond McPherson, III
T. Richmond McPherson, III (N.C. Bar No. 41439)
MCGUIREWOODS LLP
201 North Tryon Street, Ste. 3000
Charlotte, North Carolina 28202
Phone: 704.343.2038
Facsimile: 704.444.8783
rmcpherson@mcguirewoods.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the court using the CM/ECF system. I also hereby certify that the foregoing document was duly served upon Plaintiff in accordance with the provisions of Rule 5(b)(2) of the Federal Rules of Civil Procedure by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

>John F. Bloss
>Higgins Benjamin, PLLC
>301 North Elm Street, Ste. 800
>Greensboro, NC 27401

This the 11th day of March 2022.
.

                /s/ T. Richmond McPherson, III
                T. Richmond McPherson, III (N.C. Bar No. 41439)