# Exhibit A

| STATE OF NORTH CAROLINA | File No. 21 CvS 20262 | |
|---|---|---|
| Mecklenburg County | | In The General Court Of Justice ☐ District ☒ Superior Court Division |

**Name Of Plaintiff**
Micandria Darroux

**Address**
c/o John F. Bloss, Esq., Higgins Benjamin, PLLc

**City, State, Zip**
301 N Elm St Ste 800, Greensboro    NC    27401

**CIVIL SUMMONS**
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

**VERSUS**

G.S. 1A-1, Rules 3 and 4

**Name Of Defendant(s)**
Novant Health, Inc., d/b/a Novant Presbyterian Medical Center and Does 1 through 25 inclusive,

**Date Original Summons Issued**
12/16/2021

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

**Name And Address Of Defendant 1**
Novant Health, Inc., d/b/a Novant Presbyterian Medical Center
c/o Corporation Service Company, Registered Agent
2626 Glenwood Avenue, Ste. 550
Raleigh    NC    27608

*Also served: Plaintiff's First Set of Interrogatories, First Request for Documents & First Request for Admissions*

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**
You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
John F. Bloss, Esq.
Higgins Benjamin, PLLC
301 North Elm Street, Ste. 800
Greensboro    NC    27401

**Date Issued** 2·16·2022    **Time** 10:15  ☒ AM  ☐ PM

**Signature**
☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**    **Time**    ☐ AM  ☐ PM
**Signature**
☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| NORTH CAROLINA | GENERAL COURT OF JUSTICE |
| --- | --- |
| MECKLENBURG COUNTY | SUPERIOR COURT DIVISION |
| | 21 CvS 20262 |

| | |
| --- | --- |
| MICANDRIA DARROUX, on behalf of herself and others similarly situated, | |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| NOVANT HEALTH, INC., d/b/a NOVANT HEALTH PRESBYTERIAN MEDICAL CENTER, and DOES 1 through 25, inclusive, | **Jury Trial Demanded** |
| Defendants. | |

## I. INTRODUCTION

1. Plaintiff Micandria Darroux ("Plaintiff") brings this Complaint against Defendant Novant Health, Inc., d/b/a Novant Health Presbyterian Medical Center ("Defendant" or "Hospital"), challenging Defendant's unfair, false, deceptive, and unlawful practice of charging its emergency care patients a substantial, unagreed upon Fee ("hereinafter referred to as a "Visitation Fee") simply for being seen in Hospital's emergency room located at or near 200 Hawthorne Lane, Charlotte ("Emergency Room"). This Visitation Fee is billed to virtually all emergency care patients and is billed in addition to the expected charges for services and treatment actually rendered to the patient. The Visitation Fee is not explained or disclosed in advanced of its being incurred, but upon information is a surcharge for Defendant's overhead, operational, and/or

administrative expenses associated with the Emergency Room facility,[1] and is billed separately on top of the charges for the treatment and services actually rendered to the patient. Further, the Visitation Fee is not described or even mentioned in the financial agreement presented to patients for signature when visiting Defendant's Emergency Room, and there is no agreement to pay a separate charge purportedly intended to cover the Hospital's overhead and administrative expenses in operating its emergency room.

2. This Visitation Fee is systematically charged to emergency room patients although, on information and belief, it is not mentioned or disclosed in the financial agreement contained in Hospital's standard contract (hereinafter "Contract"), which Emergency Room patients are given to sign.

3. Upon information and belief, the Contract to which Defendant contends Plaintiff is subject is substantially similar to the form contract attached hereto as **Exhibit A**,[2] and provides in relevant part that the patient has a financial responsibility to pay for "medical services provided," or words to that effect.

4. Significantly, on information and belief, Hospital's form Emergency Room Contract contains no patient agreement or promise to pay this separate Visitation Fee for their Emergency Room visit, and Defendant has no right to assess a Visitation Fee that is not mentioned in its Contract and where there is no agreement to pay such Fee.

---

[1] Fees allocated to defray the overhead and operational costs in running a business are not, by definition, charges for "services" rendered to a patient. *Gov't Emps. Ins. Co. v. Avanguard Med. Grp., PLLC*, 27 N.Y.3d 22, 29, 29 N.Y.S.3d 242, 246, 49 N.E.3d 711, 715 (2016) (medical provider was not entitled to reimbursement for facility fees from insurer under regulation providing for reimbursement for "professional health services" because "facility fees are not services. Instead, they are expenses incurred for services).

[2] *See* http://www2.novanthealth.org/patient_care_forms/OutptInfoConsenttoTreat-NH_900133.pdf?_ga=2.14287287.1685523204.1637339181-2015312755.1637339181.

5. Defendant's practice is to systematically add a Visitation Fee surcharge to an Emergency Room patient's billed charges, despite the lack of any agreement or promise of a patient to pay such a Fee. As a result of such practice, Emergency Room patients end up completely surprised by a substantial charge added to their Emergency Room bill that they were not expecting and did not agree to pay.

6. Defendant's Visitation Fees are billed to Hospital's Emergency Room patients separately from the charges for individual items of medical services provided to patients during their examination and care, such as x-rays, lab work, surgical procedures, drugs, etc. These Visitation Fees, which upon information and belief are designed to defray the overhead, operational, and/or administrative expenses incurred by Hospital in operating its Emergency Room. The Visitation Fees, upon information and belief, do not appear on Defendant's regular billing statements sent to patients such as that sent to Plaintiff. Such Fees typically come as a complete surprise to the few unsuspecting Emergency Room patients who, after reviewing such Fees on an itemized billing statement are able to flesh out the true nature of such Fees through persistence and determination.

7. By this Complaint, Plaintiff seeks declaratory and injunctive relief, including restitution and the reduction of account balances attributable to the Visitation Fees for all class members who were charged a Visitation Fee for their Emergency Room visit to Hospital within the class period, and who made payments or have an outstanding account balance for their visit attributable to the Visitation Fee. The relief requested is based on the fact that Visitation Fees were never contractually agreed to by Emergency Room patients in Defendant's form Contracts or otherwise, and were assessed in violation of North Carolina common law. The requested declarations are necessary due to Defendant's ongoing practice of failing to disclose the Emergency Room Visitation Fees

which it imposes in addition to the charges for the specific treatment and services provided.

## II. JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendant. Defendant is based in North Carolina and venue is proper here because Defendant has a principal place of business in Mecklenburg County, and because the acts and transactions giving rise to this complaint took place in Mecklenburg County.

## III. PARTIES

9. Plaintiff Micandria Darroux is a resident of North Carolina who was treated at Defendant's Emergency Room facilities in Mechlenburg County, and who was billed a surprise Visitation Fee as a result of being seen in Defendant's Emergency Room.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a non-profit corporation organized under the laws of the State of North Carolina and doing business in Mecklenburg County, North Carolina.

11. The true names and capacities of Defendants Does 1 through 25, inclusive, are unknown to Plaintiff and, therefore, they are sued by such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Doe Defendant is in some manner responsible and liable for the actions herein alleged.

## IV. GENERAL ALLEGATIONS

12. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant used the Contract in its Emergency Room, which was drafted by Defendant, whose terms were not dictated by statute or otherwise, and which all

emergency care patients (or their agents) capable of executing the document were presented for signature.

13. This Contract failed to describe, to mention, or otherwise to inform emergency care patients of Hospital's intention to add a separate Visitation Fee to a patient's bill to cover the hospital's overhead, operational, and/or administrative expenses relating to its Emergency Room facilities, and does not contain any agreement or promise for an Emergency Room patient to pay a separate Visitation Fee for his or her visit.

14. These Visitation Fees are unlike the individual billable items of treatment or care provided to an individual patient, such as X-rays, laboratory services, sterile supplies, drugs, or any of the other numerous items or procedures which are separately charged. Rather, upon information and belief, the Visitation Fee covers a bundle of unspecified, undefined items generally related to the Defendant's emergency room. Regardless of its label, however, this Visitation Fee is uniformly assessed for presenting and being seen at Hospital's Emergency Room. This Visitation Fee is a separate, distinct charge imposed on top of the individual billable charges for services rendered to each individual patient.

15. Emergency care patients have no obligation to pay a Visitation Fee that is not described, mentioned, or agreed to in advance of hospital services being rendered to them at the Emergency Room. Most significantly, there can be no obligation for a patient to pay a separate Visitation Fee when the Financial Agreement provision of Hospital's form Contract contains no promise or agreement by a patient to pay such a Fee.

### V. THE REPRESENTATIVE PLAINTIFF'S CLAIMS

16. On or about January 16, 2021, Plaintiff received emergency treatment/services at Novant Health Presbyterian Medical Center's Emergency Room, where she was

provided with and signed Defendant's form Contract. Plaintiff did not know of the Visitation Fee, and did not agree or promise to pay such Fee, although she has made one or more payments for her Emergency Room visit.

17. Defendant subsequently sent or caused to be sent to Plaintiff a summary bill showing "Total Charges" of $4,116.65. The Total Charges included a Visitation Fee of approximately $2,000, which was not described or mentioned in Defendant's Contract, and which Plaintiff did not promise or agree to pay.

18. Plaintiff was shocked, dismayed, and aggrieved when she found out that she had been charged this substantial, undisclosed Visitation Fee of approximately $2,000 that she had never agreed to pay.

## VI. CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action under Rule 23 of the North Carolina Rules of Civil Procedure 23 and other applicable law, on behalf of herself and a class of all other persons similarly situated, defined as follows ("the Class"):

> All individuals who, within the last three years, received treatment and services at Novant Health Presbyterian Medical Center's Emergency Room; (2) were assessed a Visitation Fee for their emergency room visit designated with a CPT Code of 99281, 99282, 99283, 99284, 99285 or 99291; and (3) made payments and/or have a remaining account balance for their visit.
>
> Excluded from the Class are any officers or directors of Defendant, together with the legal representatives, heirs, successors or assigns of Defendant and any judicial officer assigned to this matter and his or her immediate family.

20. Defendant has acted or refused to act on grounds generally applicable to all the members of the Class and has engaged in a systemwide policy of charging Emergency Room patients a substantial undisclosed and unagreed-upon Visitation Fee, thereby making appropriate declaratory and injunctive relief for the class as a whole, including restitution of amounts paid and cancellation of amounts owing that are attributable to

the Visitation Fee.

21. This action has been brought and may properly be maintained as a class action, satisfying the numerosity, commonality, predominance, typicality, adequacy of representation, and superiority requirements. Plaintiff seeks to represent an ascertainable Class having a well-defined community of interest in the questions of law and fact involved in this matter.

22. The members of the Class are so numerous that joinder of all members of the Class is impractical. Plaintiff is informed and believes, and thereon alleges, that the Class consists of at least thousands of persons.

23. This action involves the questions of whether Defendant's uniform practice of billing Emergency Room patients a substantial, separate, and unagreed-upon Visitation Fee constitutes a breach of contract under North Carolina law and whether Defendant is entitled to bill Emergency Room patients a Visitation Fee without prior notice to the patients of its intention to do so. These questions dominate over any individual issues that might exist.

24. The claims of Plaintiff are typical of the claims of the Class, and Plaintiff is a member of the Class as defined.

25. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff shares the same interests as all Class members because Plaintiff's claims are typical of those of other Class members. Plaintiff has retained competent class counsel who are experienced in class action litigation and who will fairly and adequately protect the interests of the Class members.

26. This action is properly maintained as a class action in that Defendant has acted or refused to act on grounds generally applicable to all the members of the Class

and has engaged in a system-wide policy of charging emergency care patients a substantial undisclosed and contractually unagreed upon Visitation Fee, thereby making appropriate final injunctive and corresponding declaratory relief, including restitution of all amounts paid that are attributable to the Visitation Fees, and the reduction of any outstanding balances that are attributable to the Visitation Fees.

27. There are questions of law and fact common to the Class including, but not limited to:

(a) Whether the Contract used by Defendant during the class period contains a contractual agreement or promise by emergency care patients to pay a Visitation Fee for their Emergency Room visit;

(b) Whether Defendant's conduct in billing patients a Visitation Fee, as alleged herein, constitutes a Breach of Contract;

(c) Whether Defendant is entitled to bill Emergency Room patients a Visitation Fee without prior notice to the patients of its intention to do so; and

(d) Whether the portion of payments made by Emergency Room patients attributable to' Defendant's Visitation Fees have unjustly enriched Defendant.

A determination as to these issues is necessary and proper in order to avoid severe negative consequences for class members.

27. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since joinder of all Class members is impracticable as it would be virtually impossible for Class members to efficiently redress their wrongs individually. Even if all Class members could afford such individual litigation themselves, the court system would benefit from a class action. Individualized litigation would present the potential for inconsistent or contradictory judgments, particularly because

this action revolves around the interpretation of uniform Contracts and affirmative defenses, which also requires the same determination for every class member. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefit of comprehensive supervision by a single court, as well as economies of scale and expense.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

28. Plaintiff herein repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as though the same were set forth at length herein.

29. On or about January 16, 2021, Plaintiff signed Defendant's form Contract which governs the provision of medical care and treatment to Plaintiff and others similarly situated at Hospital's Emergency Room, and which grants permission to Defendant's to bill for services rendered to the patient during his/her Emergency Room visit. However, on information and belief, the Contract limits a patient's financial responsibility to medical services rendered to the patient. Indeed, on information and belief, nothing in the Contract authorizes Defendant to charge and collect payment for a Visitation Fee, nor is there any other meaningful disclosure to prospective Emergency Room patients of a separate Visitation Fee to cover a bundle of unspecified overhead, operational, and administrative type costs. General overhead, operational, and/or administrative expenses, such as those which are incurred by virtually all business enterprises, are not "services and treatment" rendered to a patient, and there is no promise or agreement in the Contract to pay Hospital's general overhead, operational, and administrative expenses associated with the Emergency Room.

30. Despite the lack of any contractual agreement or promise to pay a Visitation Fee, Defendant charged Plaintiff an unexpected and unauthorized Visitation Fee. This Visitation Fee was not for medical services provided to Plaintiff during her Emergency Room visit. Rather, this Visitation Fee was added to Plaintiff's billed charges in violation of the terms of Defendant's Contract with Plaintiff, and has been similarly added to the billed charges for other class members as well. Defendant's overbilling of charges constitutes an act inconsistent with the Contract and a material breach of the terms of Defendant's Contract with Plaintiff and others similarly situated.

31. Plaintiff has suffered damages as a result of Defendant's breach of its Contract with Plaintiff in the form of cash payments and/or balances owed which are attributable to the improperly charged Visitation Fee, including the accumulation of debt for this Visitation Fee, and Plaintiff's account is subject to being turned over to a collection agency resulting in additional harms including damage to the Plaintiff's credit score.

**SECOND CAUSE OF ACTION**
For Declaratory Judgment/Injunctive Relief
(North Carolina Declaratory Judgment Act)

32. Plaintiff herein repeats, reiterates, and realleges each and every allegation contained in the preceding and subsequent paragraphs, with the same force and effect as though the same were set forth at length herein.

33. An actual controversy exists between Plaintiff and Defendant relating to their respective legal rights and duties under the Contract. Plaintiff contends that, under Defendant's Contract, she is not required to pay the Hospital's undisclosed Visitation Fee. In contrast, it is apparent from Hospital's actions that Hospital claims its Contract contains an agreement for Plaintiff to be charged this Visitation Fee and has billed Plaintiff accordingly. In order to settle this dispute, Plaintiff and members of the Class

are entitled to appropriate declarations under the North Carolina Declaratory Judgment Act as to the proper construction of Defendant's Contract and Hospital's duty to reasonably disclose its Visitation Fees to prospective Emergency Room patients and right to bill its Emergency Room patients an undisclosed Visitation Fee.

34. Plaintiff and members of the Class are entitled to a further declaration that Defendant's practice of charging a substantial, undisclosed Visitation Fee, in addition to the charges for the specific services and treatments provided, was not authorized or agreed to under Defendant's Contract.

35. Plaintiff and members of the Class are also entitled to equitable relief, including (a) restitution of those portions of the amounts which they have paid which are attributable to Visitation Fees; and (b) the cessation of collection accounts for outstanding account balances which include a Visitation Fee.

36. Plaintiff and members of the Class are entitled to the above declarations because Defendant's form Contract provides no agreement or promise on behalf of an emergency room patient to pay a separate Visitation Fee on top of the individual charges for services and treatment rendered, and Defendant has not otherwise meaningfully disclosed to prospective Emergency Room patients its intention to bill them a Visitation Fee surcharge.

37. Plaintiff and the members of the Class are also entitled to declaratory and injunctive relief prohibiting Defendant from continuing to pursue existing collection activity of outstanding account balances based on its undisclosed and unagreed upon Visitation Fees.

38. The declarations sought above are necessary and appropriate since Plaintiff and the Class have been and continue to be impacted financially by Defendant's

undisclosed Visitation Fees. By granting the declaratory and injunctive relief sought herein by Plaintiff and the Class, this Court will clarify and resolve an ongoing and continuing dispute as to the rights and duties of the parties with regard to Defendant's Visitation Fees and billing practices. Finally, the declarations sought herein would likely benefit future Emergency Room patients and the public in general by bringing about increased pricing transparency and informed consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants and each of them:

1. On all causes of action, for an order that this case should be certified as a class action, and appointing Plaintiff as the class representative and her counsel as Class Counsel;

2. On all causes of action, for a declaration or declarations as prayed herein;

3. On all causes of action, for injunctive relief to enjoin Defendant from continuing to engage in the wrongful conduct complained of herein;

4. On all causes of action, for restitution as alleged herein;

5. On all causes of action, for an order awarding Plaintiff the costs of her suit, including but not limited to attorneys' and experts' fees; and

6. For such other and further relief as may be just and proper.

Plaintiff seeks a trial by jury on all claims so triable.

Respectfully submitted, this the 15th day of December, 2021.

/s/ John F. Bloss

John F. Bloss
North Carolina State Bar No. 23947
Higgins Benjamin, PLLC
301 North Elm Street, Suite 800
Greensboro, NC 27401
Telephone: (336) 273-1600
Facsimile: (336) 274-4650
Email: jbloss@greensborolaw.com

Barry L. Kramer (*Pro Hac Vice* pending)
California State Bar No. 61772
LAW OFFICES OF BARRY L. KRAMER
9550 S. Eastern Avenue, Suite 253
Las Vegas, Nevada 89123
(702) 778-6090
kramerlaw@aol.com
*Counsel for Plaintiff*



# NOVANT HEALTH

**Outpatient Information / Consent to Treat**

| **PATIENT INFORMATION** | Account #: | Medical Record #: | Date: |
|---|---|---|---|
| Patient name: | | Referring doctor: | Referring doctor phone #: |
| Address: | | Primary doctor: | |
| City/State/Zip: | | Employer/School: | |
| (H) Phone #: | Cell phone: | Work phone: | Email address: |
| Date of birth: | | Age: | Marital status: | Sex: |
| Race: | Ethnicity: | Religion: | |
| Emergency contact (name): | Relationship: | (H) Phone #: | (C) |
| Responsible party: | Relationship: | DOB: | SS#: |
| Responsible party address: | City/State/Zip: | Phone #: | |

**INSURANCE INFORMATION**

| Primary Insurance: | Employer: | Secondary Insurance: | Employer: |
|---|---|---|---|
| Insurance ID #: | Insurance Group #: | Insurance ID #: | Insurance Group #: |
| Insured Name: | | Insured Name: | |
| Address: | | Address: | |
| City/State/Zip: | | City/State/Zip: | |
| Insured DOB: | Insured Social Security #: | Insured DOB: | Insured Social Security #: |

**General Consent:** I consent to medical care at Novant Health. This includes needed lab work and HIV testing. By law, I understand that if there is an at-risk exposure to my blood or body fluids, I may be tested for HIV, Hepatitis B or C virus. Those test results will be shared with the healthcare worker who was exposed. I am aware that healthcare is not an exact science. No guarantees have been made. If I am hospitalized, I agree to send any valuables home. I agree that Novant Health is not responsible for any loss or damage to my property.

**I understand and agree with the above information. This consent is valid for three (3) years.**

*Patient or Responsible Person Signature:* _____ Date _____ Time _____

**Financial Responsibility:** I agree to pay for <u>all</u> medical services provided. I understand that I may need to call my insurance company to see if they will approve and pay for the medical care. I am aware that the doctors and others providing care may not be employees of Novant Health. They are acting on their own and not at the direction of Novant Health. I understand I will receive a separate bill for their services. Please bill my health insurance plan as a service to me. I am aware that this does not mean that they will agree to pay for any services. I agree to pay whatever amount is not covered. Please apply for any health insurance coverage that may be available to me. I agree to help in this process. I assign all of my rights and claims for payment under any health insurance plan to Novant Health and any other treating providers. I appoint Novant Health, the other treating providers and/or their agents as my "authorized representative" to act for me in getting payment for services provided. If I pay more than what I owe for this medical visit, I agree that it can be used to pay for <u>any</u> unpaid bills I have with any Novant Health facility. I give permission to be contacted for treatment or payment purposes via any of the telephone numbers or email addresses I have given. This includes contact with a pre-recorded message, automatic dialing system, artificial voice, email message, or text message. Contact may also be made by businesses helping my providers collect money that I owe.

**I understand and agree with the above information. This consent is valid for three (3) years.**

*Patient or Responsible Person Signature:* _____ Date _____ Time _____

\* For delivering mothers, all of these responsibilities apply to your newborn baby.

If limited English proficient or hearing impaired, offer interpreter at no additional cost:

☐ Interpreter Accepted _____  ☐ Interpreter Refused
(Name/Number of Person/Services Chosen/Used)

900133 R 01/15/2018 NHMG



EXHIBIT A